UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEWTECH, INCORPORATED, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SKYTECH USA, INC., a California corporation, <br><br> Defendants. | Civil No. 07cv541-L(NLS) <br><br> **ORDER DENYING APPLICATION FOR SUBSTITUTE SERVICE** |

On April 23, 2007 Plaintiff filed an Application for Substitute Service Under California Corp. Code § 1702 and Assessing Costs and Fees. Plaintiff claims that despite diligent efforts, it has been unable to serve Defendant. For the reasons which follow, Plaintiff's application is denied.

The complaint in this trademark infringement action was filed on March 23, 2007. Exactly one month later, Plaintiff filed the instant application. Plaintiff attempted personal service on the agent for service of process. The address, which Plaintiff has confirmed as the correct address for the agent, is a residence. On the first attempt at personal service no one answered, and on the second attempt, the person who answered the door stated that the agent was not there. Plaintiff inquired with Defendant's counsel whether he would accept service, however, no response has been forthcoming. Plaintiff also unsuccessfully attempted to contact Defendant and its agent via certified mail and email.

1    In pertinent part, section 1702(a) provides as follows:

2    [I]f the agent designated cannot with reasonable diligence be found at the address
3    designated for personally delivering the process... and it is shown by affidavit to
     the satisfaction of the court that process against a domestic corporation cannot be
4    served with reasonable diligence upon the designated agent by hand in the manner
     provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of
5    Section 415.30 of the Code of Civil Procedure or upon the corporation in the
     manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a)
6    of 416.20 of the Code of Civil Procedure, the court may make an order that the
     service be made upon the corporation by delivering by hand to the Secretary of
7    State . . ..

8    Therefore, "as a condition precedent to the issuance of an order for such substituted service" a

9    plaintiff's affidavit must establish that "the corporation cannot be served with the exercise of due

10   diligence in any other manner provided by law." *Batte v. Bandy*, 165 Cal. App. 2d 527, 535

11   (1958).

12       In addition to delivery to the designated agent under subdivision (a), California Code of

13   Civil Procedure Section 416.10 also provides under subdivision (b) that a summons may be

14   served on a corporation by any of the following methods:

15       To the president, chief executive officer, or other head of the corporation, a vice
         president, a secretary or assistant secretary, a treasurer or assistant treasurer, a
16       controller or chief financial officer, a general manager, or a person authorized by
         the corporation to receive service of process.
17

18       An affidavit failing to demonstrate that a diligent search for officers as well as agents was

19   performed is inadequate. *Batte*, 165 Cal. App. 2d at 536.  Until Plaintiff can show it attempted

20   to comply with section 416.10 but nevertheless could not effect service, it is not appropriate "to

21   seek the assistance of the court and the Secretary of State in obtaining jurisdiction." *See Gibble*

22   *v. Car-Lene Research, Inc.,* 67 Cal. App. 4th 295, 312 (1998).

23       In *Batte*, the court found an affidavit insufficient because it failed "to disclose that any

24   effort was made to locate any [corporate] officer within the state." *Batte,* 165 Cal. App. 2d at

25   535-536.  In the instant case, Plaintiff's affidavit is insufficient for the same reason.  It shows his

26   attempts to serve consisted of: attempted service at address listed for Defendant's principal place

27   of business; two attempts to locate the designated agent at his address; phone and email

28   communication with Defendant's counsel; and unsuccessful attempts to Defendant and agent via

certified mail.  There is no indication Plaintiff has made any attempt to locate officers of the corporation.  Accordingly, although Plaintiff has made some good faith attempts to serve the corporation's designated agent, it has failed to show "that the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Batte,* 165 Cal. App. 2d at 535.

Plaintiff's Application for Substitute Service is **DENIED WITHOUT PREJUDICE** to refiling it if necessary after he has complied with the due diligence requirement.

**IT IS SO ORDERED.**

DATED: May 14, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL